Nos. 23-12408-E & 23-12411-J (consolidated)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

◆

BLAKE WARNER,
*Plaintiff-Appellant,*

v.

SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA,
*Defendant-Appellee.*

◆

On Appeal from the United States District Court
for the Middle District of Florida
(8:23-cv-00181-SDM-JSS & 8:23-cv-01029-SDM-SPF)

## APPENDIX
## (VOLUME II)

Jeffrey C. Mateer
Hiram S. Sasser, III
David J. Hacker
Justin E. Butterfield
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy., Suite 1600
Plano, Texas 75075
Tel: 972.941.4444
Fax: 972.941.4457
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
jbutterfield@firstliberty.org

Aaron M. Streett
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522
aaron.streett@bakerbotts.com

Matthew P. Erickson
Matthew M. Hilderbrand
**BAKER BOTTS L.L.P.**
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Tel: 512.322.2500
Fax: 512.322.2501
matthew.erickson@bakerbotts.com
matthew.hilderbrand@bakerbotts.com

*Attorneys for Appellant Blake Warner*

# INDEX

**Docket/Tab #**

<u>Volume I – No. 8:23-cv-00181-SDM-JSS</u>

Docket Sheet.................................................................................. A

Plaintiff's Verified Complaint (Jan. 26, 2023).......................................1

Plaintiff's Amended Verified Complaint (May 18, 2023)..............................29

Defendant's Answer and Affirmative Defenses to Amended Verified
Complaint (May 30, 2023) .....................................................................30

Copy of Order dismissing complaint (July 6, 2023)........................................37

Plaintiff's Second Amended Verified Complaint (July 10, 2023)..................38

Order denying motions to consolidate, to strike, and for judgment
on the pleadings as moot (July 11, 2023) ............................................39

Plaintiff's Notice of Appeal to the Eleventh Circuit Court of
Appeals (July 21, 2023) ........................................................................42

<u>Volume II – No. 8:23-cv-01029-SDM-SPF</u>

Docket Sheet.................................................................................. A

Plaintiff's Verified Complaint (May 10, 2023) ....................................1

Plaintiff's Amended Verified Complaint (May 31, 2023)..............................19

Order dismissing complaint (July 5, 2023).........................................28

Plaintiff's Notice of Appeal to the Eleventh Circuit Court of
Appeals (July 21, 2023) ........................................................................29

Dated: December 1, 2023

Respectfully submitted,

*/s/ Matthew P. Erickson*
BAKER BOTTS L.L.P.

Jeffrey C. Mateer
Hiram S. Sasser, III
David J. Hacker
Justin E. Butterfield
**FIRST LIBERTY INSTITUTE**
2001 W. Plano Pkwy., Suite 1600
Plano, Texas 75075
Tel: 972.941.4444
Fax: 972.941.4457
jmateer@firstliberty.org
hsasser@firstliberty.org
dhacker@firstliberty.org
jbutterfield@firstliberty.org

Matthew P. Erickson
Matthew M. Hilderbrand
**BAKER BOTTS L.L.P.**
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Tel: 512.322.2500
Fax: 512.322.2501
matthew.erickson@bakerbotts.com
matthew.hilderbrand@bakerbotts.com

Aaron M. Streett
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, Texas 77002-4995
Tel: 713.229.1234
Fax: 713.229.1522
aaron.streett@bakerbotts.com

*Attorneys for Plaintiff-Appellant*
*Blake Warner*

ii

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed this appendix and thereby served all counsel of record through the Court's CM/ECF system.

*/s/ Matthew P. Erickson*
Matthew P. Erickson

# Tab A

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:23–cv–01029–SDM–SPF

| | |
|---|---|
| Warner v. School Board of Hillsborough County, Florida | Date Filed: 05/10/2023 |
| Assigned to: Judge Steven D. Merryday | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Sean P. Flynn | Nature of Suit: 448 Civil Rights: Education |
| Cause: 28:1331 Fed. Question: Civil Rights Violation | Jurisdiction: Federal Question |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2023 | 1 | COMPLAINT against The School Board of Hillsborough County, Florida with Jury Demand Filing fee $402.00, receipt number TPA 68503 filed by Blake Warner. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Civil Cover Sheet)(SET) (Entered: 05/11/2023) |
| 05/10/2023 | 2 | SUMMONS issued as to The School Board of Hillsborough County, Florida. (SET) (Entered: 05/11/2023) |
| 05/10/2023 | 3 | NOTICE of a related action per Local Rule 1.07(c) by Blake Warner. Related case(s): Yes (SET) (Entered: 05/11/2023) |
| 05/10/2023 | 4 | RETURN of service executed on 05/10/2023 by Blake Warner as to The School Board of Hillsborough County, Florida. (AG) (Entered: 05/11/2023) |
| 05/11/2023 | 5 | **ORDER: With his consent, the Court transfers this case to the Honorable Steven D. Merryday under Local Rule 1.07(a)(2)(A). The Clerk is directed to reassign this case to Judge Merryday for all further proceedings. Signed by Judge Kathryn Kimball Mizelle on 5/11/2023. (MEV)** (Entered: 05/11/2023) |
| 05/12/2023 | 6 | Case Reassigned to Judge Steven D. Merryday. New case number: 8:23–cv–1029–KKM–AAS. Judge Kathryn Kimball Mizelle no longer assigned to the case. (AG) (Entered: 05/12/2023) |
| 05/12/2023 | 7 | **ORDER of recusal. Signed by Magistrate Judge Amanda Arnold Sansone on 5/12/2023. (BEE)** (Entered: 05/12/2023) |
| 05/12/2023 | 8 | Case Reassigned to Magistrate Judge Sean P. Flynn. New case number: 8:23–cv–1029–SMD–AAS. Magistrate Judge Amanda Arnold Sansone no longer assigned to the case. (AG) (Entered: 05/12/2023) |
| 05/12/2023 | 9 | MOTION for leave to file documents using the Middle District of Florida's electronic filing system by Blake Warner. (AG) Modified text on 5/12/2023 (AG). (Entered: 05/12/2023) |
| 05/15/2023 | 10 | **ORDER granting 9––motion for leave to file documents using CM/ECF. Signed by Judge Steven D. Merryday on 5/15/2023. (WBW)** (Entered: 05/15/2023) |
| 05/16/2023 | 11 | MOTION for Preliminary Injunction by Blake Andrew Warner. (Attachments: # 1 Exhibit Service, # 2 Exhibit A – Distance Carrollwood K–8, # 3 Exhibit B – Distance Adams MS, # 4 Exhibit C – utilization, # 5 Exhibit D – School Choice Application, # 6 Exhibit E – Passed Carrollwood Proposal, # 7 Exhibit F – School Race Demographics, # 8 Exhibit G – State School Grades, # 9 Exhibit H – Choice Window, # 10 Exhibit J – Choice Policy, # 11 Exhibit K – Assignment, # 12 Exhibit M – Addison Davis Press Conference, # 13 Exhibit N – Distant Assigned Students, # 14 Exhibit O – Distance Crow Flies Carrollwood, # 15 Exhibit P – Distance Crow Flies Adams, # 16 Exhibit Q – Race Map, # 17 Text of Proposed Order)(Warner, Blake) (Entered: 05/16/2023) |
| 05/16/2023 | 12 | **ORDER directing Blake Warner to explain no later than 5/30/2023 why an order should not dismiss this action for improperly splitting his claims between two actions; staying the School Board's deadline by which to respond to the pending motion (Doc. 11) for a preliminary injunction. Signed by Judge Steven D. Merryday on 5/16/2023. (WBW)** (Entered: 05/16/2023) |

| 05/16/2023 | 13 | RESPONSE TO ORDER TO SHOW CAUSE re 12 Order, filed by Blake Andrew Warner. (Warner, Blake) (Entered: 05/16/2023) |
|---|---|---|
| 05/17/2023 | 14 | NOTICE by Blake Andrew Warner *of Motion to Consolidate per Local Rule 1.07(b)* (Attachments: # 1 Exhibit Motion to Consolidate, # 2 Exhibit Attachment Confer)(Warner, Blake) (Entered: 05/17/2023) |
| 05/18/2023 | 15 | SUPPLEMENT *Response to Order to Show Cause* by Blake Andrew Warner. (Attachments: # 1 Exhibit Notice of Abandonment)(Warner, Blake) (Entered: 05/18/2023) |
| 05/19/2023 | 16 | SUPPLEMENT re 13 Response to order to show cause by Blake Andrew Warner. (Warner, Blake) (Entered: 05/19/2023) |
| 05/19/2023 | 17 | CERTIFICATE of interested persons and corporate disclosure statement by Blake Andrew Warner. (Warner, Blake) (Entered: 05/19/2023) |
| 05/30/2023 | 18 | MOTION to Dismiss Plaintiffs' Complaint by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1)(Margolin, Jason) (Entered: 05/30/2023) |
| 05/31/2023 | 19 | AMENDED COMPLAINT against School Board of Hillsborough County, Florida filed by Blake Andrew Warner. Related document: 1 Complaint,. (Attachments: # 1 Exhibit A – Distance Carrollwood, # 2 Exhibit B – Distance Adams, # 3 Exhibit C – Utilization, # 4 Exhibit D – Choice Application, # 5 Exhibit E – Carrollwood Proposal, # 6 Exhibit F – School Race Demographics, # 7 Exhibit G – State School Grades, # 8 Exhibit H – Choice Window, # 9 Exhibit J – Hardship Policy)(Warner, Blake) (Entered: 05/31/2023) |
| 06/06/2023 | 20 | MOTION to Amend 11 MOTION for Preliminary Injunction by Blake Andrew Warner. (Warner, Blake) (Entered: 06/06/2023) |
| 06/13/2023 | 21 | STRICKEN PER ORDER SEE DOC. 28 MOTION to Dismiss Plaintiff's Amended Verified Complaint by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1)(Margolin, Jason) Modified on 7/6/2023 (LAB). (Entered: 06/13/2023) |
| 06/14/2023 | 22 | NOTICE by Blake Andrew Warner re 21 MOTION to Dismiss Plaintiff's Amended Verified Complaint *Lacks Local Rule 3.01(g) Certification* (Warner, Blake) (Entered: 06/14/2023) |
| 06/19/2023 | 23 | Amended MOTION to Dismiss Amended Verified Complaint *(amended only to include 3.01(g) conference certificate)* by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1 – Redacted Settlement Agreement)(Margolin, Jason) (Entered: 06/19/2023) |
| 06/19/2023 | 24 | RESPONSE in Opposition re 21 MOTION to Dismiss Plaintiff's Amended Verified Complaint filed by Blake Andrew Warner. (Warner, Blake) (Entered: 06/19/2023) |
| 06/20/2023 | 25 | RESPONSE in Opposition re 20 MOTION to Amend 11 MOTION for Preliminary Injunction filed by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 06/20/2023) |
| 06/20/2023 | 26 | RESPONSE in Opposition re 23 Amended MOTION to Dismiss Amended Verified Complaint *(amended only to include 3.01(g) conference certificate)* filed by Blake Andrew Warner. (Attachments: # 1 Exhibit A – Email Confer, # 2 Exhibit B – Confer Not Complete)(Warner, Blake) (Entered: 06/20/2023) |
| 07/03/2023 | 27 | Emergency Unopposed MOTION to Request Show Cause Ruling by Blake Andrew Warner. (Attachments: # 1 Exhibit 2023–2024 School Calendar)(Warner, Blake) (Modified on 7/3/2023 to edit docket text) (JDR). (Entered: 07/03/2023) |
| 07/05/2023 | 28 | **ORDER dismissing the complaint without prejudice; permitting Warner to amend no later than July 28, 2023, the complaint in Warner v. School Board of Hillsborough County, Florida, No. 8:23–cv–181–SDM–JSS (M.D. Fla.), and assert his claims against the School Board; directing the clerk to file a copy of this order in 8:23–cv–181–SDM–JSS; directing Warner to appear through a lawyer to assert claims on behalf of his minor child; denying as moot 11––motion for a preliminary injunction; denying as moot 20––motion to amend the motion for a preliminary injunction; denying as moot 18––motion to dismiss the initial complaint; striking for failure to comply with the Local Rules 21––motion to** |

| | | |
|---|---|---|
| | | dismiss the amended complaint; denying as moot 23––amended motion to dismiss the amended complaint; denying as moot 27––motion to rule on the pending show–cause order. Signed by Judge Steven D. Merryday on 7/5/2023. (WBW) (Entered: 07/05/2023) |
| 07/21/2023 | 29 | NOTICE OF INTERLOCUTORY APPEAL as to 28 Order on Motion for Preliminary Injunction Order on Motion to Dismiss Order on Motion to Amend / Correct / Modify / Supplement Order on Motion for Miscellaneous Relief by Blake Andrew Warner. (Warner, Blake) (Entered: 07/21/2023) |
| 07/21/2023 | 30 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 29 Notice of Interlocutory Appeal. (LD) (Entered: 07/21/2023) |
| 07/21/2023 | | USCA appeal fees received $505.00, receipt number TPA068905 re 29 Notice of Interlocutory Appeal, filed by Blake Andrew Warner. (ARC) (Entered: 07/21/2023) |
| 08/15/2023 | 31 | TRANSCRIPT information form filed by Blake Andrew Warner re 29 Notice of Interlocutory Appeal USCA number: 23–12411. No transcript(s) requested. (Warner, Blake) (Entered: 08/15/2023) |
| 09/20/2023 | 32 | ORDER of USCA: The motions to consolidate appeals, filed by Appellant are GRANTED as to 29 Notice of Interlocutory Appeal, filed by Blake Andrew Warner. EOD: 9/15/2023. USCA number: 23–12408–E. (CRB) (Entered: 09/20/2023) |

# Doc. 1

# United States District Court
## For The Middle District of Florida
## Tampa Division

| | |
|---|---|
| Blake Warner, on behalf of himself and his minor child J.W. | Case Number |
| v. | |
| The School Board of Hillsborough County, Florida | |

## Verified Complaint

## Introduction

*Plaintiff*, Blake Warner, *pro se*, hereby brings this action, on behalf of himself and his minor child J.W., against The School Board of Hillsborough County, Florida ("HCSB") for violations of 20 U.S. Code § 1706 ("Equal Educational Opportunities Act") or ("EEOA") and Fla. Stat. § 1002.31 ("Controlled open enrollment; public school parental choice"), for unlawfully segregating J.W. by assigning him to a more distant minority school and then refusing his school choice application to a closer white school that had extra capacity available to accept him.

## Plaintiffs

1. *Plaintiff* Blake Warner is African-American and the parent of a minor child ( J.W.) who currently attends a public school operated by the HCSB.

2. Blake Warner and J.W. permanently reside at 2211 S. Village Ave, Tampa, Florida.

## Defendant HCSB

3. Defendant The School Board of Hillsborough County, Florida operates, controls and supervises all free public schools within Hillsborough County pursuant Art. IX § 4 and Fla. Stat. § 1001.42.

## Jurisdiction and Venue

4. This court has jurisdiction pursuant 20 U.S. Code § 1706, Fla. Stat. § 1002.22(4), and 28 U.S. Code § 1367.

5. Venue is proper pursuant 28 U.S.C. § 1391 with respect to all defendants, because all Defendants reside in the Middle District of Florida, and all events giving rise to *Plaintiff*'s claims occurred in the Middle District of Florida.

## Carrollwood K-8

6. On 05-09-2023, *Defendant* promulgated a format change for Carrrollwood Elementary, converting it from kindergarten through fifth grade ("K-5") to kindergarten through eighth grade ("K-8") effective August 2023 with the 2023-2024 school year for the sixth grade. *see* Exhibit E.

7. J.W. is starting the sixth grade for the 2023-2024 school year.

8. *Defendant* assigned J.W. to Adams Middle School–located at 10201 N Blvd, Tampa, FL 33612–using his home address.

9. Carrollwood K-8 is located at 3516 McFarland Rd, Tampa, FL 33618.

10. Both Adams Middle School and Carrollwood K-8 are operated by *Defendant*.

11. *Plaintiff* is harmed by being forced to choose between being denied an equal educational opportunity by attending a failing racially segregated school in his community; or driving approximately two hours per day to distant schools that J.W. can get admitted into, resulting in a loss of community and significantly increased transportation costs. *Plaintiff* further suffers harm from a lower property value of his home as a direct and proximate result of *Defendant* unlawfully assigning that home to a failing, segregated school (Adams).

## Counts

### Count I
#### 20 U.S. Code § 1703(c): Closest School
#### J.W. Against Defendant HCSB

12. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 11

13. The EEOA declares unlawful segregation as "the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such agency than would result if such student were assigned to the school closest to his or her place of residence within the school district of such agency providing the appropriate grade level and type of education for such student".

14. J.W.'s home is 1.6 miles from Carrollwood K-8. *see* Exhibit A.

15. J.W.'s home is 2.3 miles from Adams Middle School. *see* Exhibit B.

16. Adams Middle School is a failing school with a D-rating from the Florida Department of Education. *see* Exhibit G.

17. Adams Middle School's student demographics are 29.65% black, 55.13% hispanic, and 7.05% white. *see* Exhibit F pp. 1.

18. Carrollwood K-8 is a good school with an A-rating from the Florida Department of Education. *see* Exhibit G.

19. Carrollwood K-8's student demographics are 7.56% black, 39.56% hispanic, and 41.78% white. *see* Exhibit F pp. 4.

20. *Defendant* created a greater degree of segregation when they assigned the African-American *Plaintiffs* to further away minority school (Adams) despite there being a closer white school (Carrollwood K-8).

## NATURE OF RELIEF

**WHEREFORE**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of the EEOA; and

(b) enter an order directing *Defendant* HCSB to redraw the Carrollwood K-8 assignment boundary map to be in compliance with the EEOA; and

(c) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(d) grant whatever additional relief this Court deems appropriate and just under the circumstances.

# COUNT II

### *Fla. Stat. § 1002.31: Controlled Open Enrollment*
### *Blake Warner and J.W. Against* DEFENDANT *HCSB*

21. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 11

22. Florida is a controlled open enrollment state: School Boards must allow any student to *choice* into any public school as long as that school has available student capacity.

23. The current anticipated 2022-2023 enrollment for Carrollwood K-5 is 691, with a total capacity of 797. *see* Exhibit C.

24. The anticipated enrollment for the expanded Carrollwood K-8 is 861 with a capacity of 812. *see* Exhibit C.

25. However, for the 2023-2024 school year, Carrollwood is only a K-6: seventh grade is being added for the 2024-2025 year, and eighth for the 2024-2025 school year[1].

26. If you subtract the missing seventh and eighth grade students from the anticipated enrollment, you get an anticipated enrollment of 747[2] with a capacity between 797 and 812, therefore there is room at this school for J.W. to attend for the 2023-2024 school year.

27. *Plaintiff* applied for choice admission into Carrollwood K-8 during the choice application window, however defendant refused to process his application. *see* Exhibit D.

---

[1]"For the 2023-24 school year, incoming sixth graders (current fifth graders) will be required to remain ... For the 2024-25 school year, incoming sixth graders (current fourth graders) will be required to remain ...  For the 2025-26 school year, incoming sixth graders (current third graders) will be required to remain.". *see* Exhibit E pp. 2-3

[2]672 + (941 / 3)

28. The school board has implemented a policy[3] of blanket refusing all general choice applications for Carrollwood K-8 in violation of Fla. Stat. § 1002.31.

## NATURE OF RELIEF

**WHEREFORE**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of Fla. Stat. § 1002.31; and

(b) enter an order directing *Defendant* to admit J.W. to Carrollwood K-8; and

(c) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(d) grant whatever additional relief this Court deems appropriate and just under the circumstances.

---

[3]"General school choice options will be closed for Carrollwood PK-8". *see* Exhibit E pp. 3

# DEMAND FOR BENCH TRIAL

Plaintiff hereby demands a trial by judge on all issues.

# UNSWORN DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.  Executed on:

| 5-10-2023 | |
|---|---|
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S. Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

# Doc. 19

# United States District Court

## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself
and his minor child J.W.

v.

The School Board of
Hillsborough County, Florida

Case Number 8:23-CV-1029

# Amended Verified Complaint

# Introduction

*Plaintiff*, Blake Warner, *pro se*, hereby brings this action, on behalf of himself and his minor child J.W., against The School Board of Hillsborough County, Florida ("HCSB") for violations of 20 U.S. Code § 1706 ("Equal Educational Opportunities Act") or ("EEOA"); 42 U.S.C. § 1983 Due Process and writ of mandamus for violating state open school enrollment laws; for unlawfully segregating J.W. by assigning him to a more distant minority school and then refusing his school choice application to a closer white school that had extra capacity available to accept him.

## Plaintiffs

1. *Plaintiff* Blake Warner is African-American and the parent of a minor child ( J.W.) who currently attends a public school operated by the HCSB.

2. Blake Warner and J.W. permanently reside at 2211 S. Village Ave, Tampa, Florida.

## Defendant HCSB

3. Defendant The School Board of Hillsborough County, Florida operates, controls and supervises all free public schools within Hillsborough County pursuant Art. IX § 4 and Fla. Stat. § 1001.42.

## Jurisdiction and Venue

4. This court has jurisdiction pursuant 28 U.S. Code § 1331; 20 U.S. Code § 1706; 28 U.S. Code § 1367; 42 U.S.C. § 1983 and 1988; Art. V, § 5(b), Fla. Const.; and Rule 9.030(c)(3) of the Florida Rules of Appellate Procedure.

5. Venue is proper pursuant 28 U.S.C. § 1391 with respect to all defendants, because all Defendants reside in the Middle District of Florida, and all events giving rise to *Plaintiff* 's claims occurred in the Middle District of Florida.

## Settlement

6. *Plaintiffs* previously sued *Defendant* in 2021 alleging disability discrimination under the I.D.E.A. and section 504 regarding the *Defendant*'s now-defunct mask mandate and it's negative affects on autistic children[1]. As *Defendant* has previously publicly posted in 8:23-CV-1029 D.E. 30 Exhibit 1 and 8:23-CV-181 D.E. 18 Exhibit 1[2] , the parties entered into a settlement agreement which–inter alia– states (emphasis mine):

---

[1]*see*                https://www.tampafp.com/alleged-mind-games-cause-suit-against-hillsborough-county-school-superintendent-by-father-of-disabled-son/

[2]*Plaintiffs* do not dispute the authenticity of the redacted settlement agreement the school board has published.

> "discharges the School Board and District from any and all claims, demands, causes
> of action, complaints or charges, known or unknown specifically related J.W.'s educa-
> tion, services, and educational program in the District through the *date of the execution*
> *of this Agreement*."

7. The settlement was executed on March 15, 2022.  The causes of action this law-
   suit are predicated on did not accrue until a) *Plaintiff* 's relocated from *south
   tampa* to *north tampa* in October 2022 and b) Carrollwood K-8 was created on
   May 9, 2023. Both events well after the time frame covered by the agreement.

## Carrollwood K-8

8. On 05-09-2023, *Defendant* promulgated a format change for Carrrollwood Ele-
   mentary, converting it from kindergarten through fifth grade ("K-5") to kinder-
   garten through eighth grade ("K-8") effective August 2023 with the 2023-2024
   school year for the sixth grade. *see* Exhibit E.

9. J.W. is starting the sixth grade for the 2023-2024 school year.

10. *Defendant* assigned J.W. to Adams Middle School–located at 10201 N Blvd, Tampa,
    FL 33612–using his home address.

11. Carrollwood K-8 is located at 3516 McFarland Rd, Tampa, FL 33618.

12. Both Adams Middle School and Carrollwood K-8 are operated by *Defendant*.

## Harm

13. *Plaintiff* is harmed by being forced to choose between being denied an equal ed-
    ucational opportunity by attending a failing racially segregated school in his com-
    munity; or driving approximately two hours per day to distant schools that J.W.
    can get admitted into (Coleman Middle School in south tampa), resulting in a loss
    of community and significantly increased transportation costs. *Plaintiff* further

suffers harm from a lower property value of his home as a direct and proximate result of *Defendant* unlawfully assigning that home to a failing, segregated school (Adams).

## PARENTAL RIGHTS

14. Mr. Warner has a fundamental right under the Fourteenth Amendment to make decisions concerning the care, custody, education, and control of J.W. *see* Troxel v. Granville (2000).

15. The educational welfare/placement of J.W. is closely tied to the Mr. Warner's Fourteenth Amendment fundamental rights and his ability to advocate for J.W.'s rights.

16. The state of Florida has additionally given Mr. Warner the following rights:

   (a) The right to direct the education and care of J.W.[3]; and

   (b) The right, pursuant to s. 1002.20(2)(b) and (6), to apply to enroll J.W. in a public school[4].

## CARROLLWOOD K-8 CAPACITY

17. The current anticipated 2022-2023 enrollment for Carrollwood K-5 is 691, with a total capacity of 797. *see* Exhibit C.

18. The anticipated enrollment for the expanded Carrollwood K-8 is 861 with a capacity of 812. *see* Exhibit C.

19. However, for the 2023-2024 school year, Carrollwood is only a K-6: seventh grade is being added for the 2024-2025 year, and eighth for the 2024-2025 school year[5].

---

[3] *see* Fla. Stat. § 1014.04(a)
[4] *see* Fla. Stat. § 1014.04(c)
[5] "For the 2023-24 school year, incoming sixth graders (current fifth graders) will be required to remain ... For the 2024-25 school year, incoming sixth graders (current fourth graders) will be required to remain ... For the 2025-26 school year, incoming sixth graders (current third graders) will be required to remain.". *see* Exhibit E pp. 2-3

20. If you subtract the missing seventh and eighth grade students from the anticipated enrollment, you get an anticipated enrollment of 747[6] with a capacity between 797 and 812, therefore there is room at this school for J.W. to attend for the 2023-2024 school year.

21. The proposal that the school board promulgated which created Carrollwood K-8, states it's capacity is 886 with projected enrollment of only 651 (73% utilization) for the 2025-2026 school year[7].

## Count I
### *20 U.S. Code § 1703(c): Closest School*
### *Blake Warner and J.W. Against* Defendant *HCSB*

22. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

23. The EEOA declares unlawful segregation as "the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such agency than would result if such student were assigned to the school closest to his or her place of residence within the school district of such agency providing the appropriate grade level and type of education for such student".

24. J.W.'s home is 1.6 miles from Carrollwood K-8. *see* Exhibit A.

25. J.W.'s home is 2.3 miles from Adams Middle School. *see* Exhibit B.

26. Adams Middle School is a failing school with a D-rating from the Florida Department of Education. *see* Exhibit G.

---

[6]672 + (941 / 3)

[7]*see* Exhibit E pp. 3

27. Adams Middle School's student demographics are 29.65% black, 55.13% hispanic, and 7.05% white. *see* Exhibit F pp. 1.

28. Carrollwood K-8 is a good school with an A-rating from the Florida Department of Education. *see* Exhibit G.

29. Carrollwood K-8's student demographics are 7.56% black, 39.56% hispanic, and 41.78% white. *see* Exhibit F pp. 4.

30. *Defendant* created a greater degree of segregation when they assigned the African-American *Plaintiffs* to further away minority school (Adams) despite there being a closer white school (Carrollwood K-8).

## NATURE OF RELIEF

**WHEREFORE**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of the EEOA; and

(b) enter an order directing *Defendant* HCSB to redraw the Carrollwood K-8 assignment boundary map to be in compliance with the EEOA; and

(c) enter an order directing *Defendant* HCSB to admit J.W. to Carrollwood K-8 for the 2023-2024 school year in compliance with the EEOA; and

(d) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(e) grant whatever additional relief this Court deems appropriate and just under the circumstances.

## COUNT II

### *Writ of Mandamus: Controlled Open Enrollment*

### *Blake Warner and J.W. Against* DEFENDANT *HCSB*

31. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

32. Florida is a controlled open enrollment state: School Boards have a non-discretionary ministerial duty to "allow a parent from any school district in the state … to enroll his or her child in … any public school … that has not reached capacity in the district … The school district … shall accept the student, pursuant to that school district's or charter school's controlled open enrollment process"[8].

33. *Plaintiffs* have a clearly established right to enroll in any public school that is below capacity. *see* Fla. Stat. § 1014.04, Fla. Stat. § 1002.20, Fla. Stat. § 1002.31, and the fundamental right of parents to direct the care, upbringing, and education of their children under Fourteenth Amendment of the United States Constitution.

34. The school board has no "open enrollment process" for Carrollwood K-8.

35. The school board has implemented a written policy[9] of blanket refusing all general choice applications for Carrollwood K-8 in violation of Fla. Stat. § 1002.31.

36. *Plaintiff* is not eligible to apply for choice hardship because Carrollwood K-8 is not capped / at-capacity. *see* Exhibit J.

37. *Plaintiff* has no procedural way to apply for general choice admission into Carrollwood K-8 for the 2023-2024 school year.

---

[8] *see* Fla. Stat. § 1002.31(2)(a)

[9] "General school choice options will be closed for Carrollwood PK-8". *see* Exhibit E pp. 3

38. Carrollwood K-8 has capacity to accept J.W. *Plaintiffs* re-alleges and incorporates by reference ¶ 17 - 21 "Carrollwood K-8 Capacity".

39. *Defendant* operates a website for parents to submit all choice applications to the school board.

40. This website allows parents submit their child's student information, then presents a finite list of schools of which that parent may apply to choice into.

41. When *Plaintiff* logged into this system during the March 8, 2023 - April 30,2023 choice application window, *Defendant* did not list Carrollwood K-8 as an available option for the 2023-2024 school year.

42. Once it became evident that Carrollwood K-8 was going to be available for the 2023-2024 school year, *Plaintiff* sent the school board an email requesting choice admission into Carrollwood K-8 *during the choice application window* because Carrollwood K-8 was not available through the formal process (the website), however defendant refused to process his application. *see* Exhibit D.

## Nature of Relief

**Wherefore**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of Fla. Stat. § 1002.31; and

(b) enter an order directing *Defendant* to create procedures for general choice applications to Carrollwood K-8; and

(c) enter an order directing *Defendant* to admit J.W. to Carrollwood K-8; and

(d) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(e) grant whatever additional relief this Court deems appropriate and just under the circumstances.

# COUNT III

### *42 U.S.C. § 1983: Due Process*
### *Blake Warner and J.W. Against* DEFENDANT *HCSB*

43. *Plaintiffs* re-alleges and incorporates by reference ¶ 1 - 13

44. Florida is a controlled open enrollment state: School Boards have a non-discretionary ministerial duty to "allow a parent from any school district in the state ... to enroll his or her child in ... any public school ... that has not reached capacity in the district ... The school district ... shall accept the student, pursuant to that school district's or charter school's controlled open enrollment process"[10].

45. *Plaintiffs* have a clearly established right to enroll in any public school that is below capacity. *see* Fla. Stat. § 1014.04, Fla. Stat. § 1002.20, Fla. Stat. § 1002.31, and the fundamental right of parents to direct the care, upbringing, and education of their children under Fourteenth Amendment of the United States Constitution.

46. *Defendant* has deprived *Plaintiffs* of those clearly established rights and liberties through their actions complained of herein.

47. The school board has no "open enrollment process" for Carrollwood K-8.

48. The school board has implemented a written policy[11] of blanket refusing all general choice applications for Carrollwood K-8 in violation of Fla. Stat. § 1002.31.

49. *Plaintiff* is not eligible to apply for choice hardship because Carrollwood K-8 is not capped / at-capacity. *see* Exhibit J.

---

[10]*see* Fla. Stat. § 1002.31(2)(a)
[11]"General school choice options will be closed for Carrollwood PK-8". *see* Exhibit E pp. 3

50. *Plaintiff* has no procedural way to apply for general choice admission into Carrollwood K-8 for the 2023-2024 school year.

51. Carrollwood K-8 has capacity to accept J.W. *Plaintiffs* re-alleges and incorporates by reference ¶ 17 - 21 "Carrollwood K-8 Capacity".

52. *Defendant* operates a website for parents to submit all choice applications to the school board.

53. This website allows parents submit their child's student information, then presents a finite list of schools of which that parent may apply to choice into.

54. When *Plaintiff* logged into this system during the March 8, 2023 - April 30, 2023 choice application window, *Defendant* did not list Carrollwood K-8 as an available option for the 2023-2024 school year.

55. Once it became evident that Carrollwood K-8 was going to be available for the 2023-2024 school year, *Plaintiff* sent the school board an email requesting choice admission into Carrollwood K-8 *during the choice application window* because Carrollwood K-8 was not available through the formal process (the website), however defendant refused to process his application. *see* Exhibit D.

56. *Plaintiff* has exhausted all administrative remedies, though that is not required to bring a 1983 due process claim. *see* Monroe v. Pape.

## Nature of Relief

**Wherefore**, *Plaintiffs* respectfully requests that this court:

(a) declare the actions, omissions, policies, and procedures of Defendant HCSB, complained of herein to be in violation of the Due Process Clause; and

(b) enter an order directing *Defendant* to admit J.W. to Carrollwood K-8; and

(c) award to the *Plaintiff* costs of suit and reasonable attorney fees; and

(d) grant whatever additional relief this Court deems appropriate and just under the circumstances.

## DEMAND FOR BENCH TRIAL

Plaintiff hereby demands a trial by judge on all issues.

## UNSWORN DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

_5-31-2023_

Date

Signature

Blake Warner, *pro se*

2211 S. Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

11

# Doc. 28

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


BLAKE WARNER, on behalf of himself
and his minor child, J.W.,

     Plaintiff,

v.                                CASE NO. 8:23-cv-1029-SDM-SPF

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

     Defendant.

_____/


## ORDER

     Alleging that the Hillsborough County School Board unlawfully both segre-

gates the schools and refuses to assign his child to the school closest to his place of

residence, Blake Warner, appearing *pro se* on behalf of himself and his minor child,

sues (Doc. 19) the School Board and asserts claims under 20 U.S.C. § 1703; under

42 U.S.C. § 1983; and under Florida law.

     In a pending, earlier-filed action, *Warner v. School Board of Hillsborough County,*

*Florida*, No. 8:23-cv-181-SDM-JSS (M.D. Fla.), Warner on behalf of himself and his

minor child alleged racial segregation and asserted claims under 20 U.S.C. § 1703,

42 U.S.C. § 1983, and 42 U.S.C. § 3604.  Under *Kennedy v. Floridian Hotel, Inc.*, 998

F.3d 1221, 1236 (11th Cir. 2021), a plaintiff may not "improperly split [] claims" be-

tween or among two or more actions.  The claims in this action and the claims in the

earlier-filed action appear premised on a common aggregate of facts, that is, appear premised on the "same transaction or series of transactions" — the alleged segregation of the schools in Hillsborough County. For that reason, an order directs Warner to "explain why an order should not dismiss this action for improperly splitting his claims between two actions."

In the earlier-filed action, Warner moves to consolidate the actions and amends the complaint to include only claims under 42 U.S.C. § 3604 and asserted only on behalf of himself. *Warner*, Docs. 27 and 29, No. 8:23-cv-181-SDM-JSS. In this action, Warner reports (Doc. 15) the amendment in the earlier-filed action and contends (1) that the actions are "temporally distant" and (2) that the earlier-filed action "focuses on harm" to Warner but this action "focuses on harm" to Warner's child. Arguing, among other things, that despite the amendment in the earlier-filed action Warner continues to impermissibly split his claims between the two actions, the School Board moves (Doc. 18) to dismiss.

In response to the motion to dismiss, Warner in this action amends the complaint (the amendment moots the motion to dismiss), adds himself as a plaintiff asserting a claim under 20 U.S.C. § 1703, adds a claim under 42 U.S.C. § 1983 on behalf of himself and his child, and replaces the claim under Florida law with a request for a writ of mandamus. But by adding himself as a plaintiff in the amended complaint in this action, Warner undercuts his attempt to avoid claim splitting by removing his child as a plaintiff in the earlier-filed action. As previously stated, Warner cannot "improperly split [his] claims" between or among actions that "arise from the

- 2 -

same transaction or series of transactions." *Kennedy*, 998 F.3d at 1236.  According to *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842–43 (11th Cir. 2017), actions originate in the same transaction or series of transactions if the actions "are related in time, origin, and motivation, and they form a convenient trial unit[.]"  Further, *Vanover* affirms the decision that "splitting the time frame into two different periods does not create a separate transaction."  Indeed, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Zerilli v. Evening News Association*, 628 F.2d 217, 222 (D.C. Cir. 1980); and *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); persuasively hold that a plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."

In both this action and the earlier-filed action, Warner appears as a plaintiff; sues the same defendant, the School Board; and asserts claims based on the School Board's allegedly ongoing segregation of the schools in the county.  These actions "form a convenient trial unit."  Discovery in each action will overlap.  Although the injury alleged in one action reportedly occurred at a time different from the injury alleged in the other action, the allegedly ongoing segregation caused each alleged injury.  Thus, Warner must assert his claims about the School Board's alleged segregation in a single action.

Further, neither party discusses Warner's ability to prosecute *pro se* his child's claims.  Although a parent may appear as plaintiff on behalf of a minor child, who lacks the capacity to sue, "parents who are not attorneys may not bring a *pro se* action on their child's behalf."  *FuQua v. Massey*, 615 Fed. App'x 611, 612 (11th Cir. 2015)

(quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).  Thus, if Warner intends to appear as plaintiff on behalf of his minor child and assert his child's claims, Warner must appear through a lawyer. (Again, Warner may assert *pro se* claims on behalf of himself only.)

For these reasons and because (as the parties agree) Warner cannot assert a claim for a writ of mandamus against a state official, *Butt v. Zimmerman*, 2022 WL 5237916 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1059 (2023), the complaint is **DISMISSED WITHOUT PREJUDICE**.  Warner must assert his claims against the School Board in a single action.  No later than **JULY 28, 2023**, Warner may amend the complaint in the earlier-filed action, *Warner*, 8:23-cv-00181-SDM-JSS, and assert his claims against the School Board.  The clerk is **DIRECTED** to file a copy of this order in the earlier-filed action.

If Warner intends to appear as a plaintiff to assert his son's claims, Warner must appear through a lawyer.  No later than **JULY 28, 2023**, a lawyer must appear, or an order will dismiss this action without further notice.  The motion (Doc. 18) to dismiss the original complaint in this action is **DENIED AS MOOT**.  The motion (Doc. 11) for a preliminary injunction and the motion (Doc. 20) to amend the motion for a preliminary injunction are **DENIED AS MOOT**.  Warner may amend the motion for a preliminary injunction after a lawyer appears and amends the complaint.  The motion (Doc. 27) to rule on the pending show-cause order is **DENIED AS MOOT**.

Also, after Warner amended the complaint in this action, the School Board again moved (Doc. 21) to dismiss but failed to include a certificate in accord with Local Rule 3.01(g).  In response, Warner (1) filed (Doc. 22) a "notice of lack of Local Rule 3.01(g) compliance," which reports that the School Board failed to confer before filing the motion to dismiss, and (2) separately responded (Doc. 24) to the motion to dismiss.  The response conceded that "federal mandamus is inappropriate[]" but otherwise opposed the motion to dismiss.  To remedy the Local Rule violation, the School Board unilaterally amended (Doc. 23) the motion to dismiss to add a Local Rule 3.01(g) certificate, which states that the parties conferred by e-mail and telephone and that the parties disagree about the motion.  Warner responded to the amended motion and asserted that the 3.01(g) certificate falsely represented the conference.  The first motion (Doc. 21) to dismiss the amended complaint is **STRICKEN** for failure to comply with Local Rule 3.01(g).  And counsel is **WARNED** to comply carefully with all applicable rules, including the Local Rules.  The amended motion (Doc. 23) to dismiss the amended complaint is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on July 5, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

# Doc. 29

# United States District Court
## For The Middle District of Florida
## Tampa Division

| | |
|---|---|
| Blake Warner, on behalf of himself and his minor child J.W.<br><br>v.<br><br>The School Board of Hillsborough County, Florida | Case Number 8:23-CV-1029 |

## Notice of Appeal to
## the Eleventh Circuit Court of Appeals

Plaintiff, Blake Warner, hereby gives notice that he is appealing Order (Doc. 28) entered on July 5, 2023, denying *pro se* status to Mr. Warner to represent his minor child J.W., to the United States Court of Appeal for the Eleventh Circuit[1].

---

[1] *see* Devine v. Indian River County School Board, 121 F.3d 576, 579 (11th Cir. 1997) ("We conclude that we have jurisdiction over non-final orders denying pro se status.").

# CERTIFICATE OF SERVICE

I certify that a copy hereof has been served to Defendant via CM/ECF.

| | |
|---|---|
| 7-21-2023 | *[signature]* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

2